IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERNEST LOUIS HALFORD,

        Plaintiff,

v.

SCOTT WALKER, J. BEAHM, GARY
HAMBLIN, DAN STIEMSMA, TODD
NEHLS, STEVEN BAUER, BILL POLLARD,
JAMES DOYLE and RICK RAEMISCH,

        Defendants.

OPINION and ORDER
11-cv-456-slc[1]

---

Plaintiff, Ernest Louis Halford, a prisoner at the Waupun Correctional Institution, located in Waupun, Wisconsin, has submitted a proposed complaint (dkt #1) and several supplements (dkt. #5, 6, 9, 10, 12 and 13). Halford seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. From a financial affidavit Halford submitted, the court previously concluded that he is unable to pay the full fee for filing this lawsuit (dkt. $8), and Halford has made the initial partial payment of $36.32 required of him under section 28 U.S.C. § 1915(b)(1).

The next step is determining whether Halford's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2).

Having reviewed plaintiff's complaint, the court concludes that he may not proceed at this time. Federal Rule of Civil Procedure 8 requires that a complaint (1) set forth a "short and plain statement of the grounds for the court's jurisdiction," (2) a short and plain

---

[1] For the purpose of issuing this order, Judge William M. Conley acts for the court.

statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Pursuant to Rule 8, each allegation must be simple concise and direct. Like Halford's previous complaints, his current complaint is difficult to read and difficult to understand. It appears, however, that he is alleging that he was sexually assaulted by a correctional guard and that a videotape of this assault has been withheld from him.[2]

The court cannot determine from plaintiff Halford's complaint who assaulted him and who prohibited him from obtaining a copy of the videotape. The named defendants in the caption, with the possible exception of defendant Beahm, do not appear to be the individuals involved in the allegations.

Because plaintiff's complaint does not comply with Rule 8, the court will dismiss it without prejudice. Attached to this opinion is a blank complaint form for plaintiff to fill out. In filling out the form, he should refrain from *any* use of calligraphy (i.e., capitalize only the first letter of each sentence or proper noun, no bolding, etc.), eliminate name-calling and extraneous matters *and* should explain his claims in a way that would enable someone reading the complaint to answer the following questions:

- Who is the specific person he alleges that sexually assaulted him?[3]
- When did this assault occur?

---

[2] Halford also complains about the privatization of prisons and issues with his mail. It is not clear to the court whether these issues are material to his apparent sexual assault complaint or whether they are meant to operate as separate claims. If Halford decides to amend his complaint, he should clearly state any claims associated with these two possible issues. Halford also mentions that he is deaf, but, as far as the court can discern, his claims do not relate to his disability.

[3] From the complaint, Halford may be alleging that he does not know the identity of his alleged assailant because of their relative positions during the attack. If this is correct, Halford should state in his amended complaint *the* individuals responsible for the attack and what each individual did to the best of his knowledge.

- Who specifically assisted with the assault?

- Who specifically witnessed the assault?

- What did each participant in the assault do?

- Who are the specific individuals prohibiting him from obtaining a copy of the videotape?

- How was Halford injured by each defendants' conduct?

Plaintiff will have until **March 7, 2012** to file an amended complaint that complies with Rule 8. He should write clearly and legibly, stating his claims as concisely as possible. He should include *all* of his allegations in the amended complaint rather than submitting numerous supplements. If plaintiff does this, the court will take the amended compliant under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). However, if he fails to respond to this order by March 7, 2012, the case will be closed.

ORDER

IT IS ORDERED that plaintiff's complaint is dismissed without prejudice for his failure to comply with Fed. R. Civ. P Rule 8. Plaintiff may have until March 7, 2012 in which to file an amended complaint that complies with Rule 8. If he fails to file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 7th day of February, 2012.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

3