IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ERNEST LOUIS HALFORD,

        Plaintiff,

                ORDER

  v.

SCOTT WALKER, J. BEAHM, GARY         11-cv-456-wmc
HAMBLIN, DAN STIEMSMA, TODD
NEHLS, STEVEN BAUER, BILL POLLARD,
JAMES DOYLE and RICK RAEMISCH,

        Defendants.

        Plaintiff Ernest Louis Halford, a prisoner at the Waupun Correctional Institution, submitted a proposed complaint and several supplements which appear to allege that he was sexually assaulted by a correctional officer and that a videotape of this assault has been withheld from him. In a February 7, 2012 order, the court dismissed the complaint under Fed. R. Civ. P. 8 because it was exceptionally difficult to tell what claims Halford wished to bring against which defendants. Halford has now responded by filing two documents (dkts. ##26, 27), which the court will construe as a proposed amended complaint. He has also filed two motions for appointment of counsel.

        Unfortunately, Halford's proposed amended complaint is as confusing as his first. He again alleges that he was sexually assaulted by a correctional officer, but does not name the officer despite being directed by the court to do so. Moreover, it is unclear from Halford's proposed amended complaint whether he is even interested in bringing a claim against that officer or against other prison personnel for failing to protect him from the attack. Rather, his allegations focus on prison personnel's efforts to keep the videotape of the incident from him and the sheriff's failure to properly investigate the crime.

The problem with the allegations on which Halford focuses is that they do not seem to support any claim. To the extent that Halford wishes to being a claim against prison officials for refusing to give him the videotape, the federal Freedom of Information Act does not apply to state agencies, *e.g.*, *Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999), and there appears no basis for this court to exercise jurisdiction over a stand-alone claim under the Wisconsin open records law even were it so inclined. Nor is there any cognizable claim against the sheriff for failing to investigate a crime. *See, e.g., Gragg v. Skaggs*, 2011 WL 5282652 (C.D. Ill. Nov. 2, 2011) ("As stated, Plaintiff's claim against the police department, i.e., the City of Springfield, is that the police department failed to adequately investigate or charge Skaggs with a crime. There is no legal duty to do either.").

Rather than dismissing the case for Halford's failure to state a claim upon which relief may be granted, however, the confusing nature of Halford's submissions leads the court to believe that the prudent course of action is to give Halford a final opportunity to submit an amended complaint that more clearly sets forth the claims he wishes to bring in this action. In particular, it is possible that Halford's desire to obtain the videotape is based on his desire to bring claims against the correctional officer who assaulted him, perhaps along with others who may have acted indifferently to the risks of an attack or to steps necessary to prevent reoccurrence. If this is a claim Halford wishes to bring, he must identify that person as a defendant in the caption of his complaint and state explicitly that the defendant assaulted him. If he does not know the specific identity of that defendant, he may call the defendant "John Doe" or otherwise specify that he wishes to bring a claim against a person he cannot identify. Likewise, for any other claim Halford wishes to bring, he must name the intended targets of his claims as defendants in the caption of the complaint, and explain what they

2

did to violate his rights. If an action is allowed to proceed, Halford will be entitled to discovery from the state, including recovery of any videotape of the alleged assault.

As for Halford's motions for appointment of counsel, the court will deny those motions as prematurely filed. Although Halford's submissions thus far have been difficult to follow, the court is not yet convinced that the assistance of counsel is necessary, particularly given that the current task, submitting more understandable allegations, should be within Halford's reach. If the case progresses past the screening stage, Halford is free to renew his motion, but he will need to explain in detail how the case is too complicated for him to litigate himself. He will also have to show that he has been unable to engage private counsel by submitting the names of at least three attorneys whom he has contacted and have turned him down. *See Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992).

ORDER

IT IS ORDERED that:

(1) Plaintiff's proposed amended complaint, dkt. ##26 and 27, is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until September 20, 2012 in which to file an amended complaint that complies with Rule 8. If he fails to file an amended complaint by that date, the clerk of court is directed to close the case.

(2) Plaintiff's motions for appointment of counsel, dkt. ##18, 29, are DENIED without prejudice to plaintiff renewing his motion should this matter be allowed to proceed.

Entered this 23rd day of August, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3